UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| MATTHEW ROBSON, <br> ON BEHALF OF HIMSELF AND <br> ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br> v <br><br> M.L. ZAGER, P.C., <br><br> Defendant. | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Matthew Robson [hereinafter "Robson"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, M.L. Zager, P.C. [hereinafter "MLZ"] and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendant's regular transaction of business within this district. Venue in this district also is proper based on Defendant possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendant alsos derive substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Robson is a natural person who resides at 138 Wyandanch Road, Sayville, NY 11782.

6. Robson is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about February 10, 2017, MLZ sent Robson the letter annexed as Exhibit A. Robson received and read Exhibit A. For the reasons set forth below, Robson's receipt and reading of Exhibit A deprived Robson of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, MLZ sent Exhibit A to Robson in an attempt to collect a past due debt.

9. Exhibit A set forth the name of the "Client" as Gary Bernstein, M.D. and set forth a "service date" and "responsible party". MLZ, via Exhibit A, attempted to collect this past due debt from Robson in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. MLZ is a New York State Professional Corporation with a principal place of business located at 461 Broadway, Monticello, NY 12701.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity. See also Eric M. Berman, P.C. v.

City of N.Y., 796 F.3d 171 (2nd Cir., 2015). MLZ possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. On Exhibit A, MLZ sets forth that it is a debt collector attempting to collect an debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

13. Based upon Exhibit A and upon MLZ possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of MLZ is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Based upon the allegations in the above three paragraphs, MLZ is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A contains the following statement: "As of the date of this letter, you owe $11080.80. Because of interest, out of pocket disbursements and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check. For further information, write the undersigned or call 1-800-628-2117".

17. If there is no agreement which allows the addition of "out of pocket disbursements" or no legal right to add "out of pocket disbursements", Defendant violated 15 USC § 1692e,

and/or 15 USC § 1692e(10) as a result of including the aforementioned statement in Exhibit A.

## SECOND CAUSE OF ACTION-CLASS CLAIM

18. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

19. Exhibit A contains the following statement: "As of the date of this letter, you owe $11080.80. Because of interest, out of pocket disbursements and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check. For further information, write the undersigned or call 1-800-628-2117".

20. If there is no agreement which allows the addition of "other charges" or no legal right to add "other charges", Defendant violated 15 USC § 1692e, and/or 15 USC § 1692e(10) as a result of including the aforementioned statement in Exhibit A.

## THIRD CAUSE OF ACTION-CLASS CLAIM

21. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14.

22. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

23. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

24. The class consist of (a) all natural persons (b) who received a letter from MLZ dated between February 10, 2017 and February 10, 2018 (c) to collect on a credit card debt, (d) in a form materially identical or substantially similar to Exhibit A

25. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

26. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

27. The predominant common question is whether Defendant's letters violate the FDCPA.

28. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

29. A class action is the superior means of adjudicating this dispute.

30. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendant in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:  February 10, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709